**Otu A. OBOT, Plaintiff–Appellant,**

v.

**Ekaete O. BAILEY, Defendant–Appellee.**

**No. 13–3073.**

United States Court of Appeals,
Second Circuit.

March 4, 2014.

Otu A. Obot, pro se, Amherst, NY, for Plaintiff–Appellant.

Ekaete O. Bailey, pro se, Buffalo, NY, for Defendant–Appellee.

PRESENT: BARRINGTON D. PARKER, DEBRA ANN LIVINGSTON, and SUSAN L. CARNEY, Circuit Judges.

**SUMMARY ORDER**

Appellant Otu A. Obot, *pro se*, appeals from a final judgment *sua sponte* dismissing his 42 U.S.C. § 1983 complaint and declining to exercise supplemental jurisdiction over his state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's *sua sponte* dismissal of a complaint *de novo*. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004). "[T]he exercise of supplemental jurisdiction is left to the discretion of the district court, and this court's review is limited to whether the district court abused its discretion." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir.1994); *see* 28 U.S.C. § 1367(c) (stating that the district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). After an independent review of the record and relevant case law, we affirm for substantially the reasons articulated by the district court judge in his decision entered August 5, 2013.

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.